```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
DANIL BARANNIKOV,                                           :
                              Plaintiff,                    :    MEMORANDUM DECISION
                                                            :    AND ORDER
            - against -                                     :
                                                            :    25-cv-6707 (BMC)
ITG COMMUNICATIONS, LLC,                                    :
                                                            :
                              Defendant.                    :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

Plaintiff Danil Barannikov, as assignee of Domestic Supply, Inc., brings the instant action against defendant ITG Communications, LLC to recover for breach of contract and other claims arising out of Domestic Supply's subcontractor agreement with defendant.  ITG moves to dismiss plaintiff's complaint and to stay discovery based on a forum-selection clause in its subcontractor agreement with Domestic Supply, which states:

> <u>Venue and Jurisdiction</u>.  In the event any dispute arises out of the terms of this Agreement…or any dispute arises out of or relates to the relationship between Company and Contractor…Jurisdiction for resolution of any said disputes shall be solely in the Courts of Tennessee having competent jurisdiction, with venue located in the Court of Common Pleas for Sumner County.

The problem is that although there are, unsurprisingly, state courts in Sumner County, there is no "Court of Common Pleas," neither at the time the parties entered into the subcontract nor now.[1]  The court within Sumner County to resolve monetary disputes like this one appears to be the Circuit Court for Sumner County.  <u>See</u> Tenn. Code Ann. § 16-10-01.  In other words, the clause

---

[1] There apparently was a "Court of Commons Please & Quarter Sessions" in Tennessee prior to 1808 that heard "minor" matters.  <u>See</u> "Courts Where Tennessee Cases Were Tried," Tennessee Secretary Of State, https://sos.tn.gov/tsla/guides/courts-where-tennessee-court-cases-were-tried (last visited 2/2/26).  Who knows what defendant's lawyer was thinking when this clause was included in the contract.

should have said "Circuit Court for Sumner County" instead "Court of Common Pleas for Sumner County."

Defendant points to the framework to determine the enforceability for a forum-selection clause in Phillips v. Audio Active Ltd., 494 F.3d 378 (2d Cir. 2007), and its progeny. First, a court is to consider whether (1) the clause was reasonably communicated to the resisting party; (2) the clause is mandatory or permissive; and (3) the claims and parties fall within the scope of the clause. Id. at 383. If so, the clause is presumptively enforceable, and the burden shifts to the party opposing dismissal to show that enforcement would be unreasonable or unjust. Id. at 383-84. Plaintiff acknowledges this framework as a general matter, and does not assert unreasonableness or injustice, but asserts that the Phillips framework does not apply when the forum-selection clause specifies a non-existent court.[2]

Defendant urges the Court to construe the clause consistent with the parties' intent. It characterizes the reference to "the Court of Common Pleas for Sumner County" as mere "drafting imprecision," maintaining that the forum-selection clause "plainly reflects the parties' intent to litigate any dispute in Sumner County, Tennessee," where state courts do exist. In defendant's view, "[t]he fact that the clause references a 'Court of Common Pleas' does not introduce ambiguity where the parties' geographic and jurisdictional intent is otherwise unmistakable." Plaintiff, in opposition, argues that it would be improper for the Court to enforce the clause "based on a generalized assertion of 'intent' to litigate in Sumner County." In plaintiff's view, enforcing the forum-selection clause "would require adoption of an imaginary forum or judicial substitution of terms."

---

[2] Plaintiff asserted that enforcement of the clause would be unreasonable and unjust in its complaint but has abandoned that argument in opposing defendant's motion.

Both parties miss the issue. This clause serves two clearly delineated purposes. First and foremost, it provides that plaintiff, regardless of whether Domestic Supply has contact with Tennessee outside its contractual relationship with defendant, has consented to exclusive, mandatory jurisdiction in the state courts of Tennessee. That is, no court, wherever located and whether federal or state, can hear this case except for a state court in Tennessee. There is nothing ambiguous about that provision. If that was all the clause said – i.e., jurisdiction "shall be solely in the Courts of Tennessee having competent jurisdiction" – there could be no issue: the Phillips framework would apply, and plaintiff would have to sue in Tennessee.

That does not change simply because the clause also addresses the separate issue of venue. On that non-jurisdictional issue, there is an ambiguity because of the misnaming of the court. But the venue within Tennessee is not an issue that this Court has to decide. Should plaintiff recommence this action in Tennessee, the Tennessee court, applying Tennessee law, will determine whether the venue-selection clause is adequate to vest jurisdiction in the appropriate court within Sumner County, or whether the action should be venued pursuant to the general venue provisions of the Tennessee Civil Code. See Tenn. Code § 20-4-101.[3]

---

[3] The Second Circuit apparently has not considered a "divisible" forum-selection clause like the one presented – that is, one which provides separately for jurisdiction and venue. However, Yakin v. Tyler Hill Corp., 566 F.3d 72 (2d Cir. 2009), provides some implicit support for this Court's approach. In Yakin, the Second Circuit considered a forum-selection clause which provided for venue in Nassau County, New York but did not provide for jurisdiction (i.e., federal or state). The Second Circuit recognized that a forum-selection clause "may bind parties to either a specific jurisdiction or, as here, a specific venue," and found that the clause at issue which "merely contain[ed] obligatory venue language ... convey[ed] nothing about the parties' intent as to jurisdiction." Id. at 76. The Second Circuit thus affirmed remand of the action to the Nassau County State Supreme Court since there was no federal court in Nassau County. Id. at 76-77. In so doing, the Second Circuit effectively enforced the part of the forum-selection clause which was textually clear while refusing to extend or infer the rest.

Defendant's motion to dismiss is therefore granted, and its motion to stay discovery is denied as moot.

**SO ORDERED.**

*Brian M. Cogan*
_____
U.S.D.J.

Dated: Brooklyn, New York
February 2, 2026

4